Stickney *v.* Blair.

[New York Special Term, December 2, 1867. *Ingraham,* Justice.]

———————◆———————

## Stickney *vs.* Blair, impleaded, &c.

A judgment creditor of the mortgagor, made a party defendant in a foreclosure suit, set up in his answer, as a defense, and offered to prove, on the trial, that the plaintiff, who was the mortgagee, after the execution and recording of the mortgage, and after the junior liens in favor of such defendant had attached, well knowing the premises, and with intent to defraud such defendant, and the creditors of the mortgagors, moved a dwelling house, worth $800, from the mortgaged premises, which consisted of only an acre of land, and converted the same to his own use; thus diminishing the value of the mortgaged premises $1000, and leaving their value insufficient to pay the amount due on the mortgage.

*Held* that these facts were admissible in evidence, and, if proved, would have constituted a good defense.

Defects in pleading, as it respects the form and order of stating facts, are to be . settled on motion to the court, before the trial; and such objections, made after the parties come to the circuit for trial, are not to be encouraged. *Per* WELLES, J.

APPEAL from a judgment for the foreclosure of a mortgage, and sale of the mortgaged premises.

The action was brought to foreclose a mortgage executed by Hiram Hovey and wife to the plaintiff, to secure the payment of $200 and interest. The defendants, other than the mortgagors, were made parties because they were judgment creditors, having liens upon the premises by judgment. The answer of the defendant, Blair, who was the only defendant that appeared and defended, first, denied the execution of the mortgage, and alleged that the same was given without consideration, and for the purpose of defrauding the creditors of Hiram Hovey ; second, alleged that Blair was a judgment creditor of Hiram Hovey, being the assignee or owner of judgments recovered against said Hovey, which were liens upon the premises. That at the time of docketing said judgments there was a house on the premises, worth $800 ; and that the plaintiff, for the purpose of impairing the lien of said judgments, and injuring and defrauding the defendant, wrongfully moved said house off said premises, and diminished the value of the premises, to the amount of $1000, over and above the nominal amount of his mortgage, by reason of such removal, and by reason of the land, without the house, being worth, relatively, little or nothing. . The defendant prayed the court to adjudge that the plaintiff's mortgage was paid, and that the complaint be dismissed, with costs ; and that the plaintiff be decreed to pay to the defendant the amount of his judgments, so far as the value of the said dwelling house and premises would pay the same, or to the extent of the injury and value abstracted from said mortgaged premises, by the several acts of the Hoveys and the plaintiff, &c.

On the trial the defendant offered no proof under his first

and second answers, but offered evidence to prove the facts stated in the remainder of his answer ; to which the counsel for the plaintiff objected, on the ground that the facts stated in that portion of the answer were not sufficient to constitute a defense.    The court sustained the objection, and excluded the evidence ; to which the defendants' counsel excepted.

The judge, before whom the action was tried, found the following facts, viz : That on the 8th day of October, 1858, the defendants, Hovey and wife, made, executed and delivered to the plaintiff the bond and mortgage set forth in the complaint, to secure the amount mentioned therein ; that the other defendants were judgment creditors having liens by judgment against Hovey ; that none of them were infants or absentees, and they had not appeared in the action, with the exception of the defendant Blair ; that a notice of the pendency of the action had been duly filed ; and that there remained due and unpaid upon said mortgage the sum of $290.51.    And as a conclusion of law, he found that the plaintiff was entitled to the usual judgment of foreclosure, and for the sale of the mortgaged premises, with costs.

*John Dorr,* for the appellant.

*H. J. Thomas,* for the respondent.

*By the Court,* WELLES, J.    It seems to me the facts offered in evidence at the trial, by the defendant Blair, were clearly admissible, and, if proved, would have constituted a good defense.    The substance of them was that the plaintiff, who was the mortgagee, after the execution and recording of the mortgage, and after the junior liens in favor of Blair had attached, well knowing the premises, and with intent to defraud him, (the defendant Blair,) and the creditors of the said Hoveys, moved the dwelling house, worth $800, from the mortgaged premises, which consisted of only an acre of land, and converted the same to his own use ; thus diminish-

ing the value of the mortgaged premises $1000, and leaving their value insufficient to pay the amount due on the mortgage. If the plaintiff had gone into possession under the mortgage, there is no question in equity better settled than that he would have been liable to account for the rents and profits. The facts offered to be proved present quite as strong an equity in favor of this defendant as in the case supposed. I have considered the criticisms upon the answer, and am not able to appreciate their force. The facts are not set forth with much logical order or skill; yet they are stated, and there can be no doubt of their furnishing full information to the plaintiff of the defense intended; and if that be so, the object of the pleading is attained. Defects in pleading, as it respects the form and order of stating facts are to be settled on motion to the court, before the trial; and such objections are not to be encouraged after the parties come to the circuit for trial.

I think the judgment should be reversed, and a new trial ordered, with costs to abide the event.

[MONROE GENERAL TERM, December 2, 1867. *James C. Smith, Johnson,* and *Welles,* Justices.]