(37 App. Div. 610.)

CONKLIN v. JOHN H. WOODBURY DERMATOLOGICAL INST.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. ACTION BY EMPLOYE—WRONGFUL DISCHARGE.

In an action for the breach of a contract of employment, defendant denied plaintiff's allegation that the latter was wrongfully discharged, and alleged as separate defenses (1) that plaintiff had violated his contract so that he was subject to discharge, and (2) that he had voluntarily resigned his employment. *Held*, that it was error to limit defendant to the latter defense, Code Civ. Proc. § 507, permitting defendant to set up as many defenses as he has, though inconsistent with each other.

2. SAME—WAIVER OF ERROR.

The fact that defendant, after such ruling, offered no evidence on the defense that plaintiff violated his contract, and was liable to be discharged, does not affect his right to a reversal for such error.

Appeal from trial term, New York county.

Action by James D. Conklin against John H. Woodbury Dermatological Institute for the breach of a contract of employment. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Benjamin Patterson, for appellant.
Henry B. Twombly, for respondent.

RUMSEY, J. The complaint alleged that on the 12th of December, 1894, one Wehrly, the plaintiff's assignor, made with the defendant a contract to enter into its employment and work for it in the city of St. Louis; that Wehrly paid to the defendant $1,000, and agreed to conduct the business of the defendant in that city, receiving a certain percentage of the profits, to keep true and faithful accounts of the money received and expended, to obey all orders of the defendant, to give his whole time and attention to the performance of the duties required of him at such times as might be necessary to conduct the business of the office. It was further agreed that, if the defendant desired to dispense with the services of the plaintiff's assignor without assigning a good reason therefor, it should repay him the $1,000, but, should the defendant be compelled to dispense with such services because of his failure to keep the terms of his agreement, then the defendant should not be required to pay Wehrly any money whatever. The complaint alleged the payment of the $1,000; that the plaintiff's assignor performed all his duties, and all the conditions of the contract, but that on the 11th of February, 1896, the defendant illegally, wrongfully, and without good reason discharged Wehrly, and dispensed with his services, without assigning a good reason therefor. The plaintiff further alleged the demand of the $1,000, and the refusal to pay. The complaint further alleged that the contract was assigned by Wehrly to the plaintiff, and he seeks to recover the $1,000, with interest from the day of the discharge. The answer denied that Wehrly well and faithfully performed all the duties and matters pertaining to the proper conduct and business of the de-

fendant, and in all other respects duly performed all other conditions of the contract on his part. It denied the allegation that the defendant illegally, wrongfully, and without good reason discharged Wehrly without assigning a good reason therefor. As a further and separate defense it set up affirmatively that Wehrly violated his agreement in many respects, which are more particularly specified in that defense, but not necessary here to refer to. For still another separate defense it was alleged that the plaintiff's assignor left the employ of the defendant without being discharged, and refused longer to continue in that employ. At the trial the plaintiff gave considerable evidence tending to show that Wehrly performed all the conditions of the contract on his part to be done. This evidence was given without any objection, and without any suggestion that it was not competent under the complaint. After the evidence of the plaintiff had closed, and the defendant had opened his case, the court called to the attention of the defendant's counsel the fact that he had pleaded two inconsistent defenses,—one that it had a sufficient reason for the discharging of the plaintiff's assignor, and the other that it did not discharge him at all. It was claimed by the defendant that the defenses were not inconsistent, but the court held that they were, and limited the defendant in its defense to evidence that the plaintiff's assignor himself severed the connection between himself and the company, because, as the court said, if the defendant did not discharge him, then all reasons for discharging him were immaterial. To this ruling the counsel for the defendant excepted. In charging the jury the court said to them that the defendant elected to stand upon the defense that the plaintiff's assignor voluntarily resigned his office, and the question submitted was simply whether he was discharged by the defendant, or whether he voluntarily resigned his employment; the court saying to the jury that, if he was discharged, he was entitled to recover the $1,000, but, if he voluntarily resigned his employment, he was not entitled to recover. The counsel excepted to the statement of the court that the defendant elected to stand upon the one defense, and asked the court to charge that, if the plaintiff's assignor failed to perform all the terms and conditions of the contract on his part, he could not recover, although defendant discharged him, which the court refused, and the defendant's counsel took an exception.

It is quite apparent that in its answer the defendant had alleged two defenses, either of which, if established, was a complete answer to the plaintiff's case. If Dr. Wehrly left the service of the defendant, then, of course, he could not recover the $1,000, as the court had charged the jury. If he was discharged for a failure to keep the terms of his agreement, then, by the express terms of the contract, he was not entitled to recover the $1,000. The complaint alleged that Wehrly was discharged unlawfully, wrongfully, and without good reason. This was denied by the answer, and, not only was it denied, but the defendant set up affirmatively a violation of the terms of the contract, which, if established, would make the discharge legal, and relieve the defendant from liability to pay the money. This defense, as

was conceded on the trial, was sufficiently pleaded. It is a rule of pleading established by the Code, as construed by the cases, that the defendant is entitled to set up as many defenses as he has (Code Civ. Proc. § 507), although those defenses may be inconsistent with each other (Goodwin v. Wertheimer, 99 N. Y., 149, 1 N. E. 404; Societa Italiana Di Beneficenza v. Sulzer, 138 N. Y. 468, 472, 34 N. E. 193). The defendant therefore was entitled as a matter of right to prove not only that Wehrly left its service, but also the facts which it had alleged in its answer tending to show that he had not performed the conditions of his contract, and that the defendant was entitled to discharge him. This last defense he was not permitted to prove, and for that error the judgment and order should be reversed.

It was claimed that the defendant offered no evidence bearing upon that question. Even had this been the case, it would still be entitled to an opportunity to try that question. When the court had ruled that, because the defenses were inconsistent, the defendant should not be permitted to insist that he had lawfully discharged Wehrly, the defendant was not called upon to antagonize the court by insisting further upon its right to establish such a defense. Not only was it at liberty to stand upon the exception which it took to the ruling, but it was the duty of its counsel, after that ruling had been unqualifiedly made, to receive it as the law of the case for the purposes of the trial, and to try the case upon the lines indicated by the court, subject, of course, to its right to insist, upon an appeal, that the exception was well taken, and that it had the right to present to the jury all the defenses contained in its answer. As it was deprived of that right, the judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.