(67 Misc. Rep. 586.)

### SURPLESS v. SURPLESS et al.

(Supreme Court, Special Term, Kings County. May, 1910.)

REFERENCE (§ 100*)—WAIVER OF OBJECTIONS—RIGHT TO REFERENCE FOR FURTHER FINDING.

Where a referee states separately his findings of fact and conclusions of law, and an objecting defendant makes no request to find, as permitted by Code Civ. Proc. § 1023. and takes no exceptions to the report as permitted by section 994, a motion to send back the report for further findings will be denied.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 158; Dec. Dig. § 100.*]

Action by James Surpless against Oliver B. Surpless and others. On motion to have a referee's report sent back for further findings. Motion denied.

Fred L. Gross, for plaintiff.
Peacock & Steves, for defendants.
Abner C. Surpless, pro se.

CRANE, J. The question of damages to be allowed for breach of the partnership agreement was brought to the attention of the par-

ties and of the referee on the hearing and was stated by the latter to be a matter of accounting. When the reference was closed, the objecting defendant made no requests to find pursuant to section 1023 of the Code of Civil Procedure, neither did he take any exceptions to the report of the referee pursuant to section 994 of the Code.

It is conceded that the referee has complied with the statute in stating separately his findings of fact and conclusions of law, but the defendant claims that he has made no finding on the question of damage for breach of contract, and desires to have this court send the report back for further findings upon this matter.

This party could have made proper requests to find of the referee, and his refusal to find upon this matter would have presented a question of law; but I do not think that he can neglect the provisions of section 1023 and then apply to the court for relief. Judge Finch in Gormerly v. McGlynn, 84 N. Y. 284, has this to say: .

"When, therefore, the Legislature, by section 1023, fixed and determined the practice as to findings of the court or referee, and provided that the request should be made and the findings passed upon before the final decision or report, the provision was an evident disapproval of the practice permitted by rule 326, which allowed such requests and findings after the decision or report, and upon the settlement of the case, and made that rule inoperative. The provisions of section 1023 as to the time of presenting requests and the required action of the justice or referee were unnecessary and improper, if rule 32 was to remain in force. Its evident purpose was to change the practice in that respect and not permit an application for findings, or compel a decision upon them, after the final disposition of the case. This intention is made more clear by the provision that any extension of the time within which to ask for findings beyond the submission of the case is to be controlled by the court or referee, but is not to reach beyond the rendering of the decision or report. The purpose to keep within that limit is very apparent."

In Gardiner v. Schwab, 34 Hun, 582, First National Bank v. Levy, 41 Hun, 461, and Petrie v. Trustees of Hamilton College, 92 Hun, 81, 36 N. Y. Supp. 636, it was stated that the court could not send a report back for further findings, but in Fairman v. Brush, 60 Hun, 442, 15 N. Y. Supp. 44, and Schultheis v. McInerny, 59 Hun, 626, 13 N. Y. Supp. 684, it was held that the power to send back a referee's report for additions or corrections where the legal procedure had not been complied with was inherent in the court.

For failure of this defendant to make any requests to find of the referee, and the report being full and regular in all particulars, I shall deny this motion.

Motion denied.