FAMOUS MANUFACTURING COMPANY, Plaintiff, *v.* HERBERT C. GIBSON et al., Respondents.

(Supreme Court, Erie Special Term, December, 1916.)

Code Civ. Pro. § 1023 — proposed findings of fact submitted after decision made.

Under section 1023 of the Code of Civil Procedure it is within the discretion of the trial justice in the interest of justice to receive and mark proposed findings of fact, after decision rendered, at any time before an appeal is taken.

MOTION to strike findings from the record.

Everette H. Hunt, for plaintiff.

Albert W. Plumley, for defendant Brock.

TAYLOR, J.   This action was heretofore tried before Mr. Justice Pooley without a jury.   The justice filed his formal decision, and about fifteen days thereafter, and before appeal was taken, received from plaintiff's attorney, and marked, proposed findings of fact under section 1023 of the Code of Civil Procedure.   The defendant Brock now moves that said findings thus marked be stricken from the record, he claiming that they were presented and acted upon by the court too late.

Said section 1023 does say in part that " The attor-

ney for either party may submit, in writing, a statement of the facts, which he deems established by the evidence, and the rulings upon questions of law, which he desires the court  *  *  *  to make '' and that this is to be done: '' Before the cause is finally submitted to the court,  *  *  *  or within such time afterwards, and before the decision or report is rendered, as the court or referee allows.'' It seems to me that there are two reasons why this statute specifies that such proposed findings may be submitted '' before the decision or report is rendered;'' *first,* to give the *absolute right to counsel before decision* to have the court pass on the facts and questions of law claimed to have been established, and, *second, to empower the court,* equally as fully, in getting assistance from counsel in preparing its findings *to require the submission of proposed findings before it has rendered its decision.* Upon consideration I feel that this provision is not intended to prohibit the trial judge from receiving, marking and filing (or returning to counsel) proposed findings after the court's decision is actually rendered; provided that such action by the court be not delayed for so long as to cause injustice to either party. In other words, I feel that the specification as to time when such proposed findings may be presented is not mandatory; that it is at least partially, if not wholly or mainly, intended to assist the court, and that it is within the court's discretion, in the interest of justice, to receive and mark such findings after decision rendered at any time before appeal is taken.

I find nothing in either the prevailing or dissenting opinions in *Dann* v. *Palmer,* 151 App. Div. 151 (reversed on the dissenting opinion of Foote, J., in 206 N. Y. 678) contrary to this view. In that case the trial judge declined to pass on proposed findings

submitted to him after he had written an opinion but before he had rendered his formal decision, and the Court of Appeals held that the trial judge was wrong in assuming that he had not the power to pass on the proposed findings under such circumstances, and that the trial judge should do so, because the findings were submitted before he had made his formal decision. To be sure, Foote, J., in his dissenting opinion in the *Dann* case, at page 155, does say that counsel's right to submit proposed findings " was gone, unless the presiding justice should thereafter and before his formal decision allow them to be submitted as authorized by section 1023 of the Code." But this statement, as I construe it, simply applies to the case under consideration and means that unless the trial judge in that particular case before making his formal decision had extended the time for presenting proposed findings he was *not required* to pass on findings submitted after formal decision made. The *Surpless* opinion, in 67 Misc. Rep. 586 merely holds that where a referee had made and filed his formal decision the court would not send the report back for further findings, the objecting defendant not having presented any requests to find before decision was made. These cases by no means establish the rule that the trial judge in his discretion has not the privilege, before an appeal is taken, of receiving and passing on findings under any circumstances after decision is made.

For the reasons given I find that the action of Justice Pooley was within his discretion, and was proper, and that defendant's motion should be denied.

Motion denied.