ALFRED MARKLE, Appellant, *v.* ZACHARY OSBORNE and Others, Respondents, Impleaded with Another.

*Mortgages — foreclosure — judgment against mortgagee for burning building as counterclaim against assignee of mortgage — assignment executed after fire.*

Appeal from a judgment of the County Court of Ulster county, entered in the office of the clerk of said county on the 23d day of April, 1919, allowing defendants' counterclaim against the plaintiff in the above-entitled action of foreclosure.

Judgment reversed and new trial granted, with costs to appellant to abide the event, on the ground of error in receiving in evidence the judgment against the assignor, and without considering any other questions in the case. All concur, except Kiley, J., dissenting, with an opinion, in which Woodward, J., concurs.

KILEY, J. (dissenting): This action was brought to foreclose a mortgage, and tried before the court without a jury. The mortgage bears date November 12, 1915. The terms of payment in said mortgage are as follows:

"Interest November 12th, 1916, 1917 and 1918. $100.00 on account of the principal, November 12, 1919, and interest, and $100.00 on account of the principal on the 12th day of November in each and every year thereafter until the whole of said principal sum of $1400.00 together with the interest thereon shall be fully paid." Interest rate is five per cent. Cornelia J. Terwilliger is the mortgagee named in said mortgage, and the defendant Zachary Osborne is the mortgagor named in said mortgage. On the 25th day of December, 1916, the said Cornelia J. Terwilliger, mortgagee, assigned the mortgage to Alfred Markle, plaintiff in this action. The mortgage contains a stipulation that if there shall be default in payment of principal or interest for thirty days, the mortgagee, may, at her option, declare the whole amount due. The action was commenced January 15, 1918, and in the complaint it is alleged that plaintiff has elected and does elect that the whole amount of said bond and mortgage become due and payable; that by another provision the whole amount became due immediately on default of payment as aforesaid. The complaint alleges that the whole amount was due before the commencement of the action. The trial judge upon evidence introduced upon said trial found that the mortgagee in said mortgage, Cornelia J. Terwilliger, while she was the owner of said mortgage, and about one year after the date thereof, burned the buildings upon the premises covered by said mortgage; that on December 24, 1917, Osborne, mortgagor, defendant herein, recovered a judgment against her for such destruction in the sum of $1,377.50 damages, and $123.15 costs. This amount, with interest, defendant Osborne set up as a counterclaim to any amount that might be found due the plaintiff. Whether this judgment can be used as a counterclaim is the main question upon this appeal. If we adopt the theory pursued by both parties on the trial, the decision of this question depends upon two other questions, namely, was the plaintiff a purchaser in good faith without notice, and is the defendant Zachary Osborne, by reason of any agreement or relation between him and plaintiff, estopped from setting up that defense or counterclaim? Appellant further urges that, in any event, he should have been allowed the $450 received by Osborne as insurance in addition to the amount he was allowed in the judgment as rendered. The appellant urges that defendants, having set up as one of their defenses, conspiracy on part of plaintiff and others, could not abandon it upon the trial and rely upon their other defense. This position of appellant is not tenable. (Code Civ. Proc. § 507; *Conklin* v. *Woodbury Institute*, 37 App. Div. 610; *Wendling* v. *Pierce*, 27 id. 517.) The competency of the judgment roll in the action of *Osborne* v. *Terwilliger*, as evidence, if it is material, is not challenged in the appellant's brief. In other words, if the counterclaim could be offered by defendant Osborne and valid as such, the judgment roll is competent evidence and its reception not error. (*Village of Port Jervis* v. *First Nat. Bank*, 96 N. Y. 550.) As between the original parties to the mortgage, the counterclaim in question would be available to the mortgagor, defendant Osborne. (*Stickney* v. *Blair*, 50 Barb. 341; *Fort Miller Pulp & Paper Co.* v. *Bratt, No. 2*, 119 App. Div. 685.) The last case cited is an action of foreclosure. The rule laid down therein seems applicable

here. Did the plaintiff have such notice or knowledge of the claim that was being made by Osborne, that Mrs. Terwilliger set fire to his building, as to place him upon inquiry as to its foundation, before he paid for and took an assignment of the mortgage in question? Much of defendant's evidence was given to show that plaintiff had such knowledge. If he had, or, by reasonable investigation, could have had such knowledge under the circumstances obtaining in his and defendant's immediate neighborhood, before he took the assignment, he must be held to have taken his chances as to the outcome of his venture. The county judge tried the case, he knew his county and its people. A witness came upon the stand and testified to conversations had with plaintiff where the subject was discussed and the truth of the accusations against Mrs. Terwilliger was the subject of comment. He saw the parties, heard them and the witnesses testify, and his finding that plaintiff had such knowledge is not so against the weight of evidence as to justify a reversal of such findings. An examination of cases cited by appellant which he urges sustain him in the contention that, under the circumstances of this case, the judgment is not available to respondents as a counterclaim, reveal conditions and questions not found here. That is so, in large part, because appellant earnestly insists that fraud and fraudulent conspiracy are still vital elements in respondent's defense. If I am right in my conception of the trial and the position taken by defendant, and the evidence given upon the trial, that defense was abandoned, no evidence was introduced to sustain it upon the trial, and it is not a question here. Respondent, in his brief and upon the argument, goes still further than the position above considered; he maintains that this mortgage being a non-negotiable instrument, not passing by delivery or indorsement, the plaintiff, even if he did not have notice of the claim arising out of the fire, took the mortgage subject to all defenses, in law or equity, that defendant could muster and sustain. At the time this action was commenced the mortgage, by force of the stipulations contained therein, was due, and defendant's claim for damage had ripened into judgment. These facts seem to produce a condition contemplated in sections 500, 501 and 502 of the Code of Civil Procedure; nor do these conditions run counter to the prohibitive provisions contained in section 41 of the Personal Property Law. Under the circumstances it would seem that this counterclaim was available to the defendant to reduce plaintiff's demand. *Owen* v. *Evans* (134 N. Y. 514); *American Guild* v. *Damon* (186 id. 360) and *Seibert* v. *Dunn* (216 id. 237) are to the same effect. In *Hill* v. *Hoole* (116 N. Y. 299) the court considers the question from both angles, viz., that the counterclaim is rated in every aspect of the case, and also the purchase of the mortgage without notice. In the course of its opinion the court says: " The proposition is well established that the assignee of a mortgage takes it subject to all the defenses, legal and equitable, which the mortgagor has against the enforcement of it by the assignor *at the time of the assignment.*" Thus far it follows that the judgment as rendered can stand. The appellant urges that defendant Osborne is estopped from setting up this counterclaim because of something he said to plaintiff which had the effect of inducing

him to purchase the mortgage when he, Osborne, knew he had this counter-claim. The first answer to that is that plaintiff gave evidence upon the trial that he commenced negotiations to purchase the mortgage some months before the fire occurred. *Secondly.* It refutes plaintiff's claim that he was a purchaser in good faith and without notice; if he had no notice of defendant's claim it was not necessary to fortify his position by a statement or agreement from defendant Osborne. What was said, as found by the court upon sufficient evidence, does not constitute an estoppel; his finding in that regard should stand. Some months after the judgment herein was rendered the judge signed requests to find for the plaintiff. Respondent urges a disregard of such findings because they were signed after judgment was rendered. Under a well-considered opinion by Mr. Justice Taylor in *Famous Mfg. Co.* v. *Gibson* (98 Misc. Rep. 4) such practice is not fatal. While some of the findings would seem to conflict with his judgment as rendered, they do not disturb it, and should be disproved as a matter of course, where there is any apparent conflict. I fail to find in any of them sufficient to change the result. The evidence discloses that defendant collected $450 from the insurance company on account of the loss of his buildings by fire. Appellant urges that this should have been applied toward the reduction of defendant's judgment before it was allowed as a counterclaim. The respondent replies that the plaintiff is a tort feasor, and that defendant will have to return that amount to the insurance company. In considering this phase of the controversy, it must be borne in mind that respondents abandoned their position, taken in the complaint upon the question of tort; that this is an equitable action; that he who seeks equity should do equity. The plaintiff is not a tort feasor in the sense the respondent would have that term applied. The most he can be charged with is the taking of an assignment of this mortgage, for value, with a suspicion, or knowledge sufficient for a well-grounded suspicion, that the thing he was buying had inherent infirmity, that might cut down or wipe out its value and that he took that chance. The defense of conspiracy was not urged nor proved and as we have seen was entirely abandoned. Plaintiff had nothing to do with the fire, was in no way connected with it or its origin. The evidence in this record as to the $450 is that it was paid, and the further evidence that there was some dispute trying to reach a settlement, which extended beyond the time limited in the insurance policy. The policy is not in evidence. It does appear that defendant was told that the time for settlement had passed, and if the company was still willing to pay, they had better agree and get the money. There is no evidence in the record that this $450 will have to be returned to the insurance company. It is inferable that the amount was paid in settlement of a dispute and probably closed, cutting off any further right of either the defendant Osborne or the insurance company as against the other. I favor the allowance of this amount on the counterclaim, to its reduction at the time of the rendering of judgment, and before the allowance of said counterclaim in reduction of plaintiff's mortgage. If the respondent so stipulates, the judgment as so modified should be affirmed, without costs to either party

of this appeal. If such stipulation is not given, the judgment should be reversed and a new trial granted, costs to abide the event. WOODWARD, J., concurs.