(36 App. Div. 181.)

COYLE v. WARD et al.

(Supreme Court, Appellate Division, First Department. January 20, 1899.)

FRAUD—JUDGMENT—ESTOPPEL.
    Where three transactions at different times are alleged to be the product of the same fraud, and in a proper proceeding the first transaction was held not to be fraudulent, the parties and their privies are estopped to show fraud in the two subsequent transactions.

Appeal from special term, New York county.
Action by Ellen M. A. Coyle against William D. Ward and another. There was a judgment for defendants, and plaintiff appeals. Affirmed.
Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edward W. S. Johnston, for appellant.
Thomas Allison, for respondents.

PATTERSON, J. The plaintiff, one of the three children and heirs at law of Edward Ward, deceased, brought this suit against her two brothers, alleging that they, during the lifetime of their father, conspired to defraud her of a share in the inheritance of that father's property, and, by fraud, procured him to make two conveyances of real estate to them, and also a will, by the terms of which she was excluded from sharing in the estate. The pleader, recognizing the rule that in civil actions mere allegations of conspiracy are unavailing, unless coupled with averments of acts done in pursuance thereof, has set forth that the defendants, in furtherance of their plan, perpetrated a fraud upon their father. It is alleged as a single fraud, the product of which is the three instruments, executed at different times, but all originating in the one fraudulent scheme, and all the result of the

same asserted deceit, imposture, undue influence, abuse of confidential relations, coercion, and unjust advantage taken of the feebleness and mental incapacity of the father. The allegations are of three stages of accomplishment of the one fraud, and they are so bound together that they are indivisible, except as to the dates of the execution of the three instruments respectively.

It is apparent that under this complaint the pleader intended to charge, and did charge, a fraud which was concocted before, and was successfully practiced when, the first conveyance was made. That fraud had its existence then, if it did exist. There is no allegation of any independent machinations or devices which induced the execution of the second deed, or of the will. All the acts of fraud culminating in the execution of the instruments are the same acts and facts connected with, and relied upon to defeat, the first conveyance, and are so pleaded. What would have been the effect of independent frauds set up as causes of action asserted as to each instrument, we need not now consider. We must take the complaint as we find it.

The defendants have, among other things, set up, as a plea in bar to the whole action, a judgment rendered in their favor upon the report of a referee in an action brought against them by Edward Ward, and relating to the first conveyance. The pleadings in that action, the findings of the referee, and the judgment are part of the answers herein. From them it appears that, in the lifetime of Edward Ward, he brought an action to set aside the first conveyance, upon allegations that he being old and infirm, and, by reason thereof, incapacitated from attending to business properly, the defendants, fraudulently taking advantage of that incapacity, procured him to make a certain writing (being the first conveyance mentioned in the complaint in this action) without paying any consideration therefor, and which they falsely and fraudulently represented to be a mere matter of form. Upon the issues raised by the answers of the defendants in that action, the referee found that the deed was the free and voluntary act of Edward Ward, who was competent to make the same, and who fully understood its contents and effect, and that the defendants did not at any time fraudulently take advantage of any incapacity of Edward Ward, to procure him to sign the deed, and that they did not, nor did either of them, make any fraudulent representations to Edward Ward, or use or practice any fraud, deception, or other misconduct for the purpose of inducing Edward Ward to execute the deed.

The plaintiff in this action asserts a right based upon the alleged fraud perpetrated on her father. It having been adjudged that no fraud was perpetrated on him, she has no independent cause of action under the allegations of her present complaint, based upon that alleged fraud. None existed. It has been so adjudicated. That she was not represented in that action cannot affect the question. Her ancestor brought the suit to establish the fraud, and judgment was rendered against him. In that action there was involved every fact which would go to constitute a reason for setting aside that deed on the ground of fraud practiced by the defendants on their father. Precisely the same evidence which would establish that fraud in the one case would establish it in the other. As was said by the justice below in

overruling the demurrer, every allegation in the present complaint (meaning, of course, concerning the alleged fraud) was or could have been litigated in the action by the ancestor, and the judgment in that case is binding on the parties to it and their privies. We do not mean to say that because there is a judgment that the first deed was not procured by fraud, but was the voluntary and valid deed of the grantor, therefore it necessarily follows that under all circumstances the second deed and the will are to be considered free from taint; but that when the plaintiff presents a case in which she charges that the second deed and the will were the product of the same identical fraud alleged to have affected the first deed, and it has been adjudged that no such fraud was perpetrated (the substantial subject of inquiry being as to that fraud), the determination made upon that issue in the former action is a good bar to this, it being pleaded as such.

The judgment appealed from must be affirmed, with costs, with leave to the plaintiff to withdraw demurrer on payment of costs in this court and in the court below. All concur.