The judgment of conviction should be reversed and a new trial granted.

H. T. KELLOGG, Acting P. J., VAN KIRK and HINMAN, JJ., concur.

Judgment of conviction reversed and new trial ordered.

---

ALFRED MARKLE, Respondent, *v.* ZACHARY OSBORNE and Another, Appellants, Impleaded with THE JEWISH AGRICULTURAL AND INDUSTRIAL AID SOCIETY and Another, Defendants.

Third Department, June 19, 1923.

Mortgages — foreclosure — mortgagee burned buildings and thereafter assigned mortgage — mortgagor secured judgment against mortgagee after assignment — wrong of mortgagee is not merged in judgment — assignee took mortgage subject to equitable claim against mortgagee — loss suffered by burning buildings may be offset against amount due on mortgage.

In an action to foreclose a mortgage it appeared that the mortgage in question was a purchase-money mortgage; that the buildings on the premises were burned by the mortgagee; that the mortgage was assigned after the fire; that thereafter the mortgagor recovered a judgment against the mortgagee for loss caused by the burning of the buildings.

*Held,* that the assignee took the assignment of the mortgage subject to any equitable claim which the mortgagor possessed at the time of the assignment against the mortgagee;

That the wrong or damage inflicted on the mortgagor by the mortgagee by setting fire to and destroying the buildings was not merged in the judgment recovered by the mortgagor against the mortgagee and that the mortgagor has the right to offset said loss against the amount due on the mortgage.

APPEAL by the defendants, Zachary Osborne and another, from a judgment of the County Court of the county of Ulster in favor of the plaintiff, entered in the office of the clerk of said county on the 4th day of October, 1922, upon the decision of the court rendered after a trial before the court without a jury.

*John W. Eckert,* for the appellants.

*John R. De Vany,* for the respondent.

HASBROUCK, J.:

Some time prior to the 12th day of November, 1915, Cornelia J. Terwilliger owned a certain parcel of land with the buildings thereon situate in the town of Rochester, Ulster county.

On or about the 12th day of November, 1915, she sold the property to the defendant herein, Zachary Osborne, taking back a mortgage conditioned for the payment of the sum of $1,400. On or about November 12, 1916, fire occurred on said premises in which the barn and wagonhouse and pigpen containing produce and other property were destroyed. On the twenty-fifth of December of that year Cornelia J. Terwilliger assigned the mortgage to the plaintiff herein. Thereafter an action was brought in the Supreme Court by Zachary Osborne, the defendant herein, against the said Cornelia J. Terwilliger, to recover damages for the burning of said buildings and for the destruction of said personal property, and a judgment was duly rendered in said action in favor of Zachary Osborne and against said Cornelia J. Terwilliger in the sum of $1,379.64, together with $123.15 costs, which judgment was duly entered in the office of the clerk of the county of Ulster on the 24th day of December, 1917. Thereafter and on or about the 15th day of January, 1918, the said assignee, Alfred Markle, commenced an action to foreclose the said mortgage, and the defendant among other things in his answer set up the burning of his property by Terwilliger and his said judgment and alleged its non-payment. He alleged the knowledge of the said Alfred Markle of the act of Cornelia J. Terwilliger in setting fire to the premises and claimed the damages done are reflected in the judgment and a setoff against the claim of the plaintiff.

The foreclosure action in a former trial resulted in adjudging the defendant Osborne entitled to counterclaim the damages resulting from the burning of buildings by the mortgagee. On appeal this judgment was reversed and a new trial granted on the ground that it was error to receive the judgment obtained in the burning action as evidence in the case, for the reason that Markle was not a party to that action. (197 App. Div. 906.)

To state the situation succinctly, Cornelia J. Terwilliger sold the land and buildings on it situate in the town of Rochester to Osborne, the defendant, for the sum of $2,300. She, as a part of the consideration, took back a mortgage for $1,400. She then took away from Osborne three of the buildings, the barn, the wagonshed and the pigpen by burning them. Whether she reduced them to her personal possession or whether she burned them or sold them and converted them into cash, her act was one substantially of restoring to herself approximately the amount of her mortgage.

In so far as she destroyed the buildings upon the farm she had sold, she took away from her creditor, the mortgagor, the ability to pay his mortgage debt.

The trial court held that because Osborne had brought a suit against the said Terwilliger for the destruction of the said buildings by fire, the fraud, the wrong, or damage inflicted thereby merged in the judgment and could not again be used in any controversy between the parties. This question is presented by an exception to conclusion of law No. 1.

If this be so then there is presented a case where the technicalities of the law are suffered to be used by the judicial forum to obstruct justice.

This is exactly a situation possible under the law but not remediless in equity. A judgment like an agreement or mortgage is but a contract and so recognized. (*Taylor* v. *Root,* 4 Keyes, 345.) Being a contract the same principles where the question of merger is involved should be susceptible of invocation. No merger will take place where a mortgagee takes title by deed to land incumbered by a lien subsequent to the mortgage unless the lienor contributed to the extinction of the mortgage. In other words, such lienor is entitled to no benefit of merger. A mortgagee and owner of the land will be permitted to set up the mortgage to defeat the collection of subsequent incumbrances. (*Everson* v. *McMullen,* 113 N. Y. 293.)

" It has been broadly declared that ' whenever justice requires it, a judgment will be adjudged to be an old debt in a new form, and will not be regarded as creating a new debt.' Thus, a judgment will merge a mortgage as a cause of action, but will not destroy its lien. So property fraudulently conveyed may be subjected to the creditor's claim, and the grantee charged as a trustee, although the original debt is transformed into a judgment, and the judgment is rendered after the conveyance. * * * So in a case where the defendant applied to the court to have an execution against him stayed and the judgment satisfied, by reason of a certificate of discharge in insolvency proceedings, it was held that the court had a right to go behind the judgment and examine the pleadings, and where they showed that the original claim was created by fraud and therefore not barred by the discharge, it was not so merged in the judgment as to create a new debt subject to be discharged by the insolvency certificate." (2 Black Judg. [2d ed.] § 677.)

" If the prevailing party was entitled to certain privileges or exempted from certain burdens under his contract, he may be entitled to the same privileges and exemptions, in many cases, under his judgment. And whenever justice requires it, judgments

will generally be construed, not as a new debt, but as an old debt in a new form." (1 Freem. Judg. [4th ed.] § 244.)

If refusal to find merger may take place where a mortgage preceded the judgment, or where a fraud is fostered by it, then it ought to be held here that merger will not be found to render the perpetrator of a crime immune from its civil consequences.

The effect of that judgment when introduced in evidence was to prove that part of the mortgaged premises had been destroyed by fire which, to say the least, was a fraud perpetrated by the mortgagee upon the mortgagor. (*Coyle* v. *Ward,* 36 App. Div. 181; affd., 167 N. Y. 240; *Fort Miller Pulp & Paper Co.* v. *Bratt, No. 2,* 119 App. Div. 685.)

If it be within the power of equity to declare that justice requires that there be held to be no merger into the judgment of the facts or the crime of arson in the third degree which they constitute (Penal Law, § 223), then there was error committed by the trial court in striking out the evidence of Osborne on the subject of the damage and in refusing to offset them against the claim of the plaintiff for the mortgage debt. There is no doubt that Markle, the plaintiff, took an assignment of the mortgage subject to any equitable claim which the defendant Osborne possessed at the time of the assignment of the mortgage against the mortgagee.

The judgment should be reversed, with costs to appellants to abide the event.

H. T. KELLOGG, Acting P. J., VAN KIRK and HINMAN, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellants to abide the event.