In the Matter of WASHBURN & DAUDELIN, Bankrupts.

PLANT & GRIFFITH LUMBER CO., Inc., Appellant,

v.

WASHBURN & DAUDELIN, L. John Cain, Trustee, Appellee.

No. 163, Docket 25303.

United States Court of Appeals Second Circuit.

Argued Feb. 13, 1959.

Decided June 30, 1959.

Meaker & Adams, Waterbury, Vt. (Charles J. Adams, Waterbury, Vt., of counsel), for appellant.

Donald E. O'Brien, Burlington, Vt., for appellee.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

The partnership of Washburn & Daudelin was a building contractor doing business in northwestern Vermont in 1956, and appellant, a material supplier located there, was one of its creditors. On August 30, 1956 the partnership gave to appellant, at appellant's request, a second mortgage on a house the partnership was then constructing. This mortgage was given to secure a sum of $4,466.56. On December 18, 1956 the partnership filed a voluntary petition in bankruptcy. Adjudication promptly followed on December 19. The proceedings were referred, a trustee was qualified, and thereafter the trustee filed a petition with the referee to set aside the mortgage of August 30 as a voidable preference under Section 60, subs. a and b of the Bankruptcy Act, 11 U.S.C.A. § 96, subs. a, b. The referee held a hearing, set forth his findings of fact and granted the trustee's petition; the district court for the District of Vermont affirmed the referee, and this appeal by the mortgagee followed.

Appellant contends that we should reverse the results below. We disagree. The findings of fact and conclusions of law filed by the referee and the modifica-

tions thereof made by the district court were not clearly erroneous.

The appellant maintains that the mortgage should not have been set aside because it says that there was insufficient proof of insolvency on August 30 and insufficient proof that appellant had reasonable cause to believe insolvency existed. The record refutes appellant. The finding that the partnership was insolvent when the transfer was made is supported by the record, and we find no merit in appellant's contention that it did not have reasonable cause to believe at that time that the debtor was, in fact, insolvent. The record reveals that appellant was in frequent contact with the debtor, and when it asked for and received this mortgage it either knew or was put on notice that all was not well with the debtor's finances. It was handling debtor's overdue indebtedness differently than it handled its other open accounts. Although appellant sold to seven or eight hundred firms and usually permitted four or five of these firms to be in arrears of payment as much as six months, debtor's account was in part more than a year overdue. It is undisputed that in the month of August 1956 the partnership was in debt to a number of other creditors, the partners had to borrow money to pay their employees, all of the partnership property except a cement mixer and some small tools was mortgaged, all of the real estate was under attachment, there was no work ahead to do after completing work in process, funds owed for completed work were held up because of complaints, and several creditors had commenced suits. It would seem clear that if appellant had made a reasonably diligent inquiry it could not have failed to discover the fact of bankrupt's insolvency.

Appellant also contends that in any event the mortgage should not be fully set aside. It argues that certain advances made by it to the partnership subsequent to August 30 and prior to December 18 were prospectively secured by the August 30 mortgage, and as to these advances the mortgage was not to secure antecedent debts. It is true that the face of the mortgage indicates that it was to secure future advances as well as past indebtedness, but appellant's Assistant Treasurer in Charge of Finances and Credits admitted during the course of the hearing that the mortgage was given solely for an antecedent debt. It also appeared that these later advances were only made when the bank financing the construction for the owner made the payments due the partnership jointly payable to appellant. Further it appeared that on August 30, 1956 the actual debt owed to appellant by the partnership was about $6500.00. Therefore, it was not clearly erroneous for the referee to have found that the appellant sought the mortgage, and the mortgage was given to it, in order to secure the antecedent unsecured obligation. Nor was it error to draw the conclusion therefrom that the entire transfer should be set aside.

The order of the district court is affirmed.