■ WILLIAM J. HENRY, as Assignee for the Benefit of Creditors of Beauty Kraft Mica Products Corp., Respondent, v. FRANKLIN NATIONAL BANK, Defendant and Third-Party Plaintiff-Appellant. RICHARD SULTAN et al., Third-Party Defendants-Respondents.— In an action by an assignee for the benefit of creditors to recover moneys paid by the assignor to a creditor bank in violation of statute, in which the bank interposed a third-party complaint against alleged guarantors of the. assignor's obligations, the bank appeals from two judgments and an order of the Supreme Court, Nassau County, namely, (1) an order entered October 4, 1967, which denied appellant's motion to set aside a jury verdict in favor of plaintiff against the bank; (2) a judgment entered October 20, 1967 upon said verdict; and (3) a judgment entered September 21, 1967 in favor of the third-party defendants against the bank upon the trial court's decision (pursuant to stipulation) after rendition of said verdict. Appeal from order dismissed. No appeal lies from an order denying a motion to set aside a verdict, made on the trial minutes only. In any event, the contentions raised on the motion were considered on the appeal from the judgment entered October 20, 1967. Judgments affirmed. A single bill of costs is awarded against appellant, payable jointly to respondents filing separate briefs, to cover all the appeals. On the evidence before it, the jury was entitled to find that the transfer by the debtor corporation of $10,000 to appellant, the Franklin National Bank, on August 7, 1964, which it made six weeks prior to its making of the general assignment for the benefit of creditors, was made at a time when it was insolvent, and that the Bank had reasonable ground to believe that it was, insolvent (see *Boston Nat. Bank* v. *Early*, 17 F. 2d 691; *Margolis* v. *Gem Factors Corp.*, 201 F. 2d 803; *Matter of Washburn & Daudelin*, 268 F. 2d 279; Debtor and Creditor Law, § 15, subd. 6-a). The debtor owed $20,000 on its note, which the Bank refused to renew. The third-party defendants were the individual guarantors of the debtor's obligations to the Bank. After a series of meetings, the Bank agreed to accept the payment in question from the debtor (out of a part of the proceeds of a loan obtained from a factoring corporation) and to receive the balance in 10 monthly installments. As a part of the same transaction the Bank took confessions of judgment from the individual guarantors for the balance of the corporate indebtedness. The Bank did not reserve any of its rights under the original contracts of guarantee. Under these circumstsances and since the Bank knew or should have known that the payment which it received was voidable, we are of the opinion that the Bank entered into a new agreement with the guarantors which modified and supplanted their former agreement (see General Obligations Law, § 5-1103). As a result the Bank could not, when ordered to return the amount of the preferential payment, seek recourse against the guarantors based upon their

original obligations. Rabin, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.