■ RUTH CORLESS, Appellant, v JOSEPH A. LEONARDO, II, et al., Respondents. [748 NYS2d 620] —Mugglin, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered November 7, 2001 in Tompkins County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the second amended complaint, and (2) from the judgment entered thereon.

Plaintiff, the sole stockholder of "What's Your Beef of Ithaca, Inc." (hereinafter the corporation), accepted an offer from

defendants Joseph A. Leonardo, II, Leonard R. Leonardo and John F. Leonardo (hereinafter collectively referred to as the Leonardos) to sell her 100 shares of stock for $190,000. Pursuant to the terms of the agreement, four shares were to be transferred to the Leonardos upon payment of $10,000, and the corporation was to redeem the other 96 shares by the payment of $180,000 with interest at 7.5% per annum by making 180 consecutive monthly payments of $1,668.62. The 96 shares were to be held in escrow, but could be voted in accordance with plaintiff's wishes in the event that the corporation was in default in making any monthly payment in excess of 30 days. The agreement required the Leonardos and their spouses to personally guarantee the corporate obligation and the parties agreed that the terms of the agreement would survive the closing of title.

Approximately 60 days thereafter, to effectuate the terms of the agreement, four shares of stock were issued to the Leonardos, a promissory note and stock redemption agreement were executed, and the Leonardos (but not their spouses) signed a document pursuant to which they jointly and severally guaranteed the corporation's obligation to pay plaintiff $180,000 pursuant to "a written agreement" between the corporation and plaintiff. None of these documents contained an acceleration clause making the entire debt due and payable upon default (see Corless v Mazza, 295 AD2d 848). Following the corporation's default in making monthly payments, plaintiff, on notice to counsel for the Leonardos, held a corporate meeting at which the corporation confessed judgment in favor of plaintiff in the amount of $158,390.86, of which $150,576.31 was the balance of the purchase price and $7,814.55 was for the corporation's outstanding utility charges incurred in plaintiff's name. In this action, pursuant to her second amended complaint, plaintiff seeks to recover from the Leonardos and two of their spouses, $51,727.22, alleged to be the aggregate of the monthly arrears from the date of default to the date of the second amended complaint.

Following joinder of issue, plaintiff moved for summary judgment and defendants cross-moved for summary judgment seeking dismissal of the second amended complaint on the basis that their personal guarantees were discharged because the confession of judgment materially altered their obligation as sureties and because the spouses did not personally sign the sales agreement or the guarantee. Supreme Court denied plaintiff's motion for summary judgment and granted defendants' cross motion for summary judgment, finding that the

confession of judgment supplanted the note and materially altered the terms of the corporation's obligation, thereby discharging defendants from their guarantee. Plaintiff appeals.

Our analysis begins by observing that plaintiff is not seeking to enforce the judgment obtained by confession, but is seeking enforcement of defendants' guarantee of the original agreement. Defendants urge that the note merged into the judgment and cannot be enforced by a separate action. While that is generally true (*see Brown v Lockwood*, 76 AD2d 721, 735), it is also equally true that " 'whenever justice requires it, a judgment will be adjudged to be an old debt in a new form, and will not be regarded as creating a new debt' " (*Markle v Osborne*, 205 App Div 813, 815, quoting 2 Black, Judgments § 677 [2d ed]; *see generally Wadsworth v Lyon*, 93 NY 201). In this regard, it is important to note the long-settled rule that a judgment entered against a principal is not binding upon the surety, but is only prima facie evidence against the surety (*see Conner v Reeves*, 103 NY 527, 532; *S.D.I. Corp. v Fireman's Fund Ins. Co.*, 208 AD2d 706, 708). Since a judgment may be enforced only against those who confessed it (*see* CPLR 3218 [d]), the confession by the corporation does not bar plaintiff from recovering against the guarantors (*cf. Henry v Franklin Natl. Bank*, 32 AD2d 1043, 1043).

We next examine Supreme Court's finding that the confession of judgment materially altered the suretyship contract, thereby discharging the surety. While as a general rule a surety is discharged if the parties to the debt alter the undertaking to cover a different obligation (*see Bier Pension Plan Trust v Estate of Schneierson*, 74 NY2d 312), the entry of the judgment by confession did not alter the agreement by accelerating the debt. CPLR 3218 provides, in relevant part, as follows:

"(a) Affidavit of defendant. * * * [A] judgment by confession may be entered * * * either for money due or to become due, or to secure the plaintiff against a contingent liability in behalf of the defendant * * *

"(c) Execution where the judgment is not all due. Where the debt for which the judgment is entered is not all due, execution may be issued only for the sum which had become due. * * * When further sums become due, further executions may be issued in the same manner."

Thus, plaintiff could recover only the aggregate of the unpaid monthly installments, even though the judgment may be security for the entire debt. The guarantors' obligations remain the same, i.e., to pay the monthly installments in the event of the

corporation's default (*compare Ray Weil Chevrolet v Warmus*, 163 Misc 2d 752).

We further find that the confession of judgment did not alter the debt obligation by increasing the rate of interest to 9%. Since this rate is fixed by statute, it does not constitute a term of the debt obligation modified by the parties without the consent of the surety (*see O'Brien v Young*, 95 NY 428, 430-431; *McCoun v New York Cent. & Hudson Riv. R.R. Co.*, 50 NY 176, 180). Likewise, the inclusion of the unpaid utility bill as part of the judgment by confession is unrelated to the purchase price and is not intended to modify the obligation guaranteed by defendants and forms no part of the complaint, as amended, in this action.

There being no dispute regarding the default of the corporation on the monthly installment payments and no dispute as to the Leonardos' guarantee, plaintiff established a prima facie entitlement to judgment against these three defendants. However, since there is no evidence that the spouses executed any guarantee, Supreme Court correctly dismissed the second amended complaint as to them.

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion for summary judgment dismissing the second amended complaint against defendants Joseph A. Leonardo, II, Leonard R. Leonardo and John F. Leonardo and as denied plaintiff's motion for summary judgment as to said defendants; cross motion denied to that extent, motion granted to that extent, and summary judgment awarded to plaintiff against said defendants; and, as so modified, affirmed.